cc: Los Angeles County Superior Court, 19STCV27369

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PETER GUINAN, | CV 19-8585-RSWL-JC |
| Plaintiff, | |
| v. | **ORDER re: Plaintiff's Motion to Remand Case to State Court** [9] |
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS, UNION LOCAL NUMBER 848, SHIPPERS TRANSPORT EXPRESS, INC., and DOES 1 to 100, | |
| Defendants. | |

Currently before the Court is Plaintiff Peter Guinan's ("Plaintiff") Motion to Remand Case to State Court [9].  Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **DENIES** Plaintiff's Motion.

///

///

1

**I. BACKGROUND**

**A. Factual Background**

Plaintiff is an individual residing in Orange County, California. Compl. ¶ 1, ECF No. 1. Defendant International Brotherhood of Teamsters Local 848 ("Local 848") is and was a labor organization representing employees in the State of California, County of Los Angeles. Id. ¶ 2. Defendant Shippers Transport Express, Inc. ("STE") is and was a California corporation doing business in Los Angeles County, California. Id. ¶ 3.

Plaintiff was formerly employed by Defendant STE as a driver and was a member of Local 848. Mot. 3:20-21. On or about June 4, 2018, Plaintiff was involved in a collision with another vehicle while on duty. Id. at 3:22-24. Two days later, on June 6, 2018, Plaintiff was suspended by STE pending further investigation, and subsequently received his Written Notice of termination on June 25, 2018. Id. at 3:23-4:3. Plaintiff's Written Notice of termination stated that Plaintiff was involved in three preventable accidents within two years on January 1, 2016, September 20, 2017, and June 4, 2018. Compl. ¶¶ 16, 17, 18, 19.

Plaintiff claims that he filed a Grievance regarding the Written Notice dated September 20, 2017, but that Local 848 never processed it. Id. ¶ 19. Further, Plaintiff alleges that he received a correspondence from the Local 848 Secretary Treasurer

regarding the Written Notice for the accident on June 14, 2018, where the Secretary admitted that Plaintiff's termination was wrong; however, Local 848 did not challenge the Wrongful Discharge violations. Id. ¶ 20.

On June 19, 2018, Plaintiff filed a complaint with the National Labor Relations Board against Local 848 and STE, which was subsequently dismissed. Id. ¶¶ 23, 24. On October 12, 2018, Plaintiff requested an extension of time to file his appeal by November 11, 2018 and ultimately filed his appeal on November 9, 2019. Id. ¶ 25. Plaintiff received a letter dated February 7, 2019 from the National Labor Relations Board deeming his appeal untimely. Id. ¶ 26.

**B. Procedural Background**

On August 2, 2019, Plaintiff filed his complaint pursuant to Labor Management Relations Act § 301 ("LMRA") which governs contracts between labor organizations and employers. Id. ¶¶ 10, 11. Plaintiff alleges that Defendant STE breached the Collective Bargaining Agreement ("CBA") between it and Local 848 when it terminated Plaintiff without just cause. Id. ¶ 32. Plaintiff further alleges that Defendant Local 848 "arbitrarily, discrimnaotrily [sic], and/or in bad faith, breached [its] duty of fair representation . . . ." Id. ¶ 29. Subsequently, on October 4, 2019, Defendant Local 848 removed this Action to federal court on the basis of federal question jurisdiction. See Notice of Removal, ECF No.

1.

On October 11, 2019, Defendant Local 848 filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted [8].  On October 15 2019, Plaintiff filed the instant Motion to Remand the Action to State Court [9].  On October 21, 2019, the parties stipulated to have Plaintiff's Motion for Remand heard prior to Defendant Local 848's Motion to Dismiss [10, 11].  Defendant Local 848 filed its Opposition to Plaintiff's Motion to Remand [12] on November 5, 2019, and Plaintiff timely replied [13].

## II. DISCUSSION

**A.**  **Legal Standard**

Civil actions may be removed from state court if the federal court has original jurisdiction.  See <u>Syngenta Crop Prot., Inc. v. Henson</u>, 537 U.S. 28, 33 (2002) ("Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, . . . original subject-matter jurisdiction [must] lie[] in the federal courts.").  Federal question jurisdiction exists in "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

"All defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446 (b)(2)(A).  "When fewer than all of the defendants have joined in a removal action,

the removing party has the burden under 28 U.S.C. § 1446 to explain affirmatively the absence of any co-defendants in the notice of removal." Brady v. Lovelace Health Plan, 504 F. Supp. 2d 1170, 1173 (D.N.M. 2007) (citing Northern Illinois Gas Co. v. Airco Industrial Gases, 676 F.2d 270, 273 (7th Cir.1982); 14C JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICES § 3739 (Matthew Bender 3d ed. 1997)).

Further, "[t]he burden of establishing jurisdiction falls on the party invoking the removal statute, which is strictly construed against removal." Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1371 (9th Cir. 1987) (internal citations omitted). Courts resolve all ambiguities "in favor of remand to state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). A removed case must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

**B. Discussion**

Plaintiff appears to misunderstand the meaning of "concurrent jurisdiction." As Local 848 suggests, Plaintiff's Motion reads more like a treatise on this Court's jurisdiction and removal procedure than a legal argument as to why removal was improper. Plaintiff fails to put forth any real argument other than claiming that "California has concurrent jurisdiction"

and that "Defendant [Local 848] is aware of the case law." Mot. 15:14-16.

A defendant may properly remove any action that could have been originally filed in the federal courts. See 28 U.S.C. § 1441. Here, the statute is clear and Plaintiff admits that this Court has jurisdiction over the Action. See 29 U.S.C. § 185(a) ("Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties . . . ."); see also Mot. 10:20-23 ("[The statute] . . . provides that [these] suits 'may' be brought in federal district courts . . . .").

The fact that the state court has concurrent jurisdiction over the Action does not, in any way, make Local 848's removal improper. Plaintiff's claims clearly arise under federal law and therefore, the Court has original jurisdiction to hear the Action. See 28. U.S.C. § 1331. Plaintiff failed to provide any real argument justifying his claim that removal is improper. As such, the Court finds that removal was proper and **DENIES** Plaintiff's Motion to Remand this Action to State Court.[1]

---

[1] Because the Court concludes that Defendant properly removed this Action under 28 U.S.C. § 1441(a) for federal question jurisdiction, it need not address Defendant's discussion of preemption.

## III. CONCLUSION

For the reasons discussed above, the Court hereby **DENIES** Plaintiff's Motion to Remand this Action to State Court.

**IT IS SO ORDERED.**

DATED: December 20, 2019         /s/ Ronald S.W. Lew
                                 **HONORABLE RONALD S.W. LEW**
                                 Senior U.S. District Judge